**SO ORDERED.**

**SIGNED this 24 day of March, 2008.**



_____
**JANICE MILLER KARLIN**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| **JOSHUA AARON MURROW** | ) | Case No. 07-41061 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| **CREDIT UNION 1 OF KANSAS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 07-7119 |
| | ) | |
| **JOSHUA AARON MURROW** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Amended Complaint.[1] The Defendant, Joshua Aaron Murrow ("Murrow"), claims that the Plaintiff,

_____
[1] Doc. 9.

Credit Union 1 of Kansas ("Credit Union 1"), fails to state a claim upon which relief can be granted and that its Amended Complaint[2] should be dismissed.

After reviewing the pleadings and motions, the Court is now prepared to rule. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## I. FINDINGS OF FACT

Murrow filed a Chapter 7 bankruptcy petition on August 7, 2007. In his schedules, Murrow indicated that he owned a 2001 Ford automobile that had been wrecked; he valued the vehicle at only $150.00. The schedules noted that Credit Union 1 held a secured claim against the vehicle in the amount of $3,650.00, but did not indicate on the Statement of Intention whether the debt to Credit Union 1 would be reaffirmed or of if the property would be surrendered or redeemed. Credit Union 1 filed a secured proof of claim for $3,601.07.

The First Meeting of Creditors was originally scheduled to be held on September 10, 2007, but was continued until October 15, 2007. Just prior to the October meeting, counsel for Credit Union 1 had an informal conversation with Debtor, with his consent and that of his attorney, concerning the vehicle. At that time, Murrow indicated that he had "bashed" the vehicle and that it was worthless. Murrow also informed Credit Union 1 that he would surrender the vehicle. At that point, counsel for Credit Union 1 stopped the discussion with Murrow. When questioned about the vehicle under oath at the actual 341 meeting, Murrow

---

[2]Doc. 8.

invoked his right against self-incrimination under the United States Constitution and refused to answer any questions regarding the damage to the vehicle. Murrow declined to enter into a reaffirmation agreement with Credit Union 1, and ultimately surrendered the car to Credit Union 1.

On November 2, 2007, Credit Union 1 initiated this adversary proceeding, seeking a determination by the Court that the debt owed to it by Murrow was non-dischargeable. Credit Union 1 contends that Murrow willfully and maliciously damaged its property, and that the debt in question is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).[3] Credit Union 1 filed an amended complaint on January 22, 2008.

Murrow has moved to dismiss the amended complaint, claiming that it does not contain allegations sufficient to state a claim under § 523(a)(6). Murrow claims that the complaint should be dismissed because (1) the vehicle in question was his property, and not the property of Credit Union 1, and (2) Credit Union 1 has not directly alleged that he intended to willfully and maliciously injure Credit Union 1's property.

## II. STANDARDS FOR GRANTING A MOTION TO DISMISS

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b) into all adversary proceedings. To prevail on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the movant must demonstrate beyond a doubt that there

---

[3]This case was filed after October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective. All future statutory references are thus to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532 (2005), unless otherwise specifically noted.

3

is no set of facts in support of plaintiff's theory of recovery that would entitle plaintiff to relief.[4] In evaluating a motion to dismiss for failure to state a claim, all well-pleaded allegations will be accepted as true and will be construed in the light most favorable to the plaintiff.[5]

**III. ANALYSIS**

Section 523(a)(6) provides an exception to discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." In 1998, the Supreme Court held that this provision only applies to a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.[6] The Court explained that this meant the debtor must have intended the consequences of the act he or she performed, not simply the act itself.[7] "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."[8] As recently noted by the Court of Appeals for the Tenth Circuit, without proof of <u>both</u> a willful act and an malicious injury, an objection to discharge under § 523(a)(6) must fail.[9]

---

[4] *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kansas*, 927 F.2d 1111, 1115 (10th Cir. 1991).

[5] *In re American Freight System, Inc.*, 179 B.R. 952, 956 (Bankr. D. Kan. 1995).

[6] *Kawaauhau v. Geiger*, 523 U.S. 57, 60-64 (1998).

[7] *Id.* at 61-62.

[8] *Id.* at 61.

[9] *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) (emphasis in original).

4

Therefore, in order to state a claim under § 523(a)(6), Credit Union 1 must alleged that Murrow intentionally and maliciously caused damage to the property of Credit Union 1. Murrow claims that the Amended Complaint should be dismissed under Rule 12(b) for two reasons. First, Murrow claims, without providing any argument or authority, that the automobile in question was his property, and not Credit Union 1's. Second, Murrow claims that Credit Union 1 has failed to allege that he acted with the requisite intent to state a claim under § 523(a)(6).

Although Murrow makes little more than a bare reference to his allegation that Credit Union 1 does not have a sufficient property interest in the vehicle to state a claim under § 523(a)(6), the Court will, nonetheless, provide an answer to that allegation in the event there truly is a dispute about this issue. It is undisputed that Credit Union 1 held a security interest in the vehicle in question. As noted by the Tenth Circuit Bankruptcy Appellate Panel, in order for conduct to be willful under § 523(a)(6), "the debtor must intend that [the debtor's actions] injure the creditor or <u>the creditor's lien interest</u>."[10] Credit Union 1's security interest in the vehicle is a sufficient property interest to state a claim under § 523(a)(6), provided Credit Union 1 can show that Murrow willfully and maliciously damaged that security interest.

Although the Court finds that Credit Union 1 has a sufficient property interest to bring a claim under § 523(a)(6), the Court agrees with Murorw that the Amended Complaint fails

---

[10]*In re Longly*, 235 B.R. 651, 657 (10th Cir. BAP 1999).

to allege that Murrow acted with the required intent necessary to state a claim under § 523(a)(6). Credit Union 1 does allege that Murrow "bashed" the vehicle and that it now only retains a salvage value — but Credit Union 1 does not state that Murrow intentionally damaged the vehicle or that he had a willful or malicious intent toward Credit Union 1 in doing the "bashing." The mere wrecking of a vehicle, even if coupled with a failure to keep the vehicle adequately insured, is insufficient to support a claim under § 523(a)(6),[11] meaning Credit Union 1 will have to allege, and eventually prove, that the damage to the vehicle resulted from more than simply a typical automobile accident. The Amended Complaint simply does not allege that "bashing" was done intentionally or maliciously.[12]

The Court finds that the Amended Complaint fails to state a claim upon which relief can be granted under § 523(a)(6). However, "pleading in federal practice is no longer a game of skill in which one misstep by counsel can be fatal."[13] "Thus, a defective complaint is not subject to dismissal with prejudice, i.e. without opportunity to amend or replead, unless either it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations or multiple repleadings have not cured the defects."[14]

---

[11]*See In re Westmoreland*, 31 Fed. Appx. 838 (5th Cir. 2002).

[12]Credit Union 1 also alleges that Murrow has "failed, refused and neglected to enter into a reaffirmation agreement with the Credit Union." This allegation does not, in any way, support a claim that Murrow intentionally and willfully damaged Credit Union 1's property rights. Nothing in the Bankruptcy Code requires a debtor to enter into a reaffirmation agreement.

[13]*In re Yadidi*, 274 B.R. 843, 849 (9th Cir. B.A.P. 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

[14]*Id.*

This is not a case where allowing an amendment to the Complaint would be futile, such as is the case where a party is entitled to absolute immunity or where a statute of limitations has expired. Instead, this case presents a situation where Credit Union 1 has simply failed to clearly set forth the elements of its claim. If Credit Union 1 wishes to pursue a claim against Murrow that alleges the damages to the vehicle were done with willful and malicious intent towards Credit Union 1, it will have the opportunity to present that case. Therefore, the Court will allow Credit Union 1 an additional 10 days to file a second amended complaint. It must set forth sufficient allegations to state a claim under § 523(a)(6). If a second amended complaint is not timely filed, however, the Court will grant Murrow's Motion to Dismiss, as the amended complaint on file does not state a claim for relief against Murrow.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Credit Union 1 shall have until **April 3, 2008** to file a Second Amended Complaint in this adversary proceeding that sets forth the proper requirements to state a claim under § 523(a)(6), including that the damage to the vehicle was done with willful and malicious intent towards Credit Union 1.

**IT IS FURTHER ORDERED** that the Court sets this matter for hearing on **April 16, 2008 at 9:00 a.m.**, to give both Defendant and this Court an opportunity to review the Second Amended Complaint, if filed, to determine whether it states a claim for relief.

# # #